United States Court of Appeals
Fifth Circuit

**F I L E D**

September 8, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-10007
Summary Calendar

_____

CHARLIE SYLVIE

Plaintiff - Appellee

versus

CITY OF DALLAS TEXAS; ET AL.

Defendants

TED KILPATRICK; MICHAEL RICKMAN

Defendants - Appellants

_____

Appeal from the United States District Court
for the Northern District of Texas
District Court No. 01-CV-1549-K

_____

Before HIGGINBOTHAM, EMILIO M. GARZA and PRADO, Circuit Judges.[1]

PRADO, Circuit Judge.

The appellants in this interlocutory appeal challenge the district court's denial of their motion for summary judgment on qualified immunity grounds. In their appeal, the appellants

_____

[1]Pursuant to 5th Cir. R. 47.5, this Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

maintain the district court misapplied the law for determining whether a governmental official is entitled to qualified immunity. After considering the parties' arguments, this Court affirms the district court's order denying the motion for summary judgment.

## Standard of Review

This Court does not have jurisdiction to review interlocutory appeals from the denial of summary judgment based on qualified immunity grounds when the appeal challenges the district court's ruling that genuine issues exist concerning material facts. *See Jones v. Collins*, 132 F.3d 1048, 1051-52 (5th Cir. 1998). The Court, however, has jurisdiction over appeals that challenge questions of law, such as the materiality of factual issues. *See Bazan v. Hidalgo County*, 246 F.3d 481, 490 (5th Cir. 2001). The determination of whether a defendant's conduct was objectively reasonable is a question of law, but that question of law can only be reviewed when there are no underlying genuine issues of material fact. *Id*. This Court may consider this appeal because the appellants contend the district court misapplied the law in considering whether their conduct was objectively reasonable.

## Whether the District Court Erred

The defendant-appellants first argue that the district court misapplied the law for determining whether a governmental

official is entitled to qualified immunity.  In considering a defendant's entitlement to qualified immunity as grounds for summary judgment, the district court must first determine whether the plaintiff alleged a violation of a clearly established right, and then determine whether the defendant official's conduct was objectively reasonable in light of clearly established law at the time of the alleged violation.  *See Fontenot v. Cormier*, 56 F.3d 669, 673 (5th Cir. 1995); *see also Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991).  On appeal, the appellants contend the district court misapplied this test because the court did not first determine whether the plaintiff proved a violation of a clearly established right.  Despite this complaint, the order denying the motion for summary judgment indicates the district court correctly applied the law.

The district court initially denied the appellant's motion in an order that stated "the Court finds that there are disputed issues of material fact."  The appellants then filed their notice of interlocutory appeal.  In response, the district court issued a memorandum opinion clarifying its reason for denying the appellant's summary judgment motion.  After setting out the test for qualified immunity, the district court reviewed the plaintiff-appellee's summary judgment evidence in support of his claims that the appellants violated the appellee's rights to equal protection under the law by placing the appellee on

administrative leave and later terminating him for violating a city employment policy for assessing sexually explicit internet sites on a city computer. The district court explained that the appellee claimed the appellants falsely indicated that city records showed that the appellee was on duty on the particular dates the sexually explicit material was viewed and that the appellee was solely responsible for accessing the internet sites because the appellee was the exclusive user of the computer in the office. The district court then detailed the appellee's evidence supporting his claims.

The district court indicated the plaintiff-appellee presented summary judgment evidence that: (1) the plaintiff did not have exclusive use of the computer in his office, (2) other individuals had a key to the office where the plaintiff's computer was located, (3) the plaintiff gave the defendant-appellants records showing that he was not at the office during the times of day the computer was used to access sexually explicit sites, and (4) evidence that the defendant-appellants accepted without question denials from other employees who had computers with sexually explicit materials while refusing to accept the plaintiff's denial. After detailing this evidence, the district court concluded, "taking the evidence in the light most favorable to [the plaintiff-appellee], the facts determining whether the defendants acted with objective reasonableness are in dispute. Specifically, it is disputed whether the defendants

4

were deliberately indifferent in the investigation leading up to [the plaintiff-appellee's] suspension and termination by the City." Although the district court's order did not explicitly state that the court found the plaintiff alleged the violation of a clearly established right, that finding is implicit in the court's order. In particular, the order recognized that the plaintiff had sued the appellants "alleging that because of his race, African-American, he was denied equal employment opportunities and [was] discriminated against" and that the appellants "violated his rights to equal protection under the law."

Title VII protects an employee from unlawful employment discrimination. *See* 42 U.S.C. § 2000e-2(a); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801 (1973). The Fourteenth Amendment to the United States Constitution guarantees a person equal protection under the law. *See* U.S. CONST. amend. 14, § 1; *see also Washington v. Davis*, 426 U.S. 229, 239 (1976). Because the plaintiff alleged unlawful employment discrimination and the denial of equal protection, the plaintiff alleged the deprivation of a clearly established right. Although the appellants maintain the plaintiff-appellee failed to *prove* the violation of a clearly established right, the plaintiff was only required to *allege* the violation of a clearly established right. *See Siegert*, 500 U.S. at 231-33. The district court may not have explicitly addressed

5

the first prong of the qualified-immunity test, but the court's order makes it abundantly clear that the district court correctly applied the law.

The appellants next argue that the genuine issue of material fact that the district court identified is not material to the issue of objective reasonableness. In particular, the appellants argue that no objective unreasonableness exists even if the plaintiff did not have exclusive use of his office, or of his computer; even if the plaintiff provided documents indicating he was not in the office at the time of the alleged misuse; and, even if appellants believed others over the plaintiff. That conclusion is especially illogical in light of the plaintiff's summary judgment evidence that 24 computers in the same department showed access to pornographic sites although the employees using those computers were not disciplined; and that a white employee in the same department had 312 incidents of access to sexual materials on his computer, but that he was not confronted with a claim that he had misused his computer.

The evidence discussed above is material for the following reason. If a supervisor who disciplined an African-American employee who did not have exclusive use of a computer in an office to which other individuals had a key, and that employee had evidence he was not at the office during the times the computer was used to access sexually explicit sites, the supervisor would not act with objective reasonableness if he did

6

not discipline other non-African-American employees who had sexually explicit materials on their computers.  Thus, the plaintiff's summary judgment evidence was clearly material to whether the defendant-appellants raised a question of fact about the entitlement to qualified immunity.  As such the district court properly denied the motion for summary judgment.

Having determined that the district court properly denied the defendant-appellants' motion for summary judgment on qualified immunity grounds, this Court AFFIRMS the district court's order and returns this case to the district court for further proceedings.

AFFIRMED